NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD NICHOLS,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil Action No. 16-9048 (BRM)<br><br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE:**

Before this Court is the petition for a writ of habeas corpus ("Habeas Petition") of Petitioner Donald Nichols ("Petitioner") brought pursuant to 28 U.S.C. § 2241 in which he seeks to argue that he was illegally sentenced. (ECF No. 1.) Pursuant to Rule 4 of the rules governing § 2254 Cases, applicable to § 2241 through Rule 1(b), the Court is required to screen the Habeas Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Based on the Court's review of the Habeas Petition and attached exhibits, and for the reasons set forth below, the Habeas Petition is **DISMISSED** for lack of jurisdiction.

I.  **BACKGROUND**

Petitioner is a federal prisoner incarcerated at New Jersey State Prison in Trenton, New Jersey. (ECF No. 1 at 1.) In 1995, he pled guilty to aiding and abetting first-degree murder, pursuant to 18 U.S.C. § 1111. (*Id.* at 4.) As a result of his plea agreement, Petitioner was sentenced in the District of Colorado to 420 months of imprisonment. (*Id.* at 4, 11-12.) It is not clear from the Habeas Petition whether Petitioner has filed an appeal of his conviction and sentence.

However, he previously filed a motion to vacate his sentence in the District of Colorado, pursuant to 28 U.S.C. § 2255. (*Id.* at 4.) Petitioner asserts that motion was dismissed as time barred. (*Id.*) He also asserts the Tenth Circuit denied him a certificate of appealability as to that motion. (*Id.*)

In this Habeas Petition, Petitioner raises a single claim. Specifically, Petitioner asserts his sentence of 420 months is less than the statutory minimum for the crime for which he plead guilty, and was therefore illegal *ab initio*. (*Id.* at 10-13.) Based on the Eighth Circuit's ruling in *Greatwater v. United States*, 285 F. 3d 727 (8th Cir. 2002), Petitioner contends that the first-degree murder statute provides only for a sentence of either life imprisonment or death, and only a conviction for second-degree murder could result in a sentence of a term of years less than life. (*Id.*) Petitioner therefore argues he should be permitted to withdraw his guilty plea, instead plead guilty to second-degree murder, and consequently be subjected to the lesser maximum sentence applicable to a second-degree murder conviction. (*Id.* at 13-22.) In making this argument, Petitioner suggests he is not challenging the validity of his sentence or conviction, but only the means through which it is being carried out. For this reason, Petitioner contends he is not required to bring this action pursuant to § 2255.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the rules governing § 2254 cases, applicable to § 2241 petitions through Rule 1(b), this Court is required to preliminarily review each habeas petition to determine whether it "plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief." Under this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DECISION

Petitioner seeks to use his Habeas Petition to challenge his sentence, which he argues is below the mandatory minimum for the crime to which he pled guilty. Petitioner contends that this Court has jurisdiction to hear this challenge because he is only attacking the means through which his sentence is being carried out (i.e., it is too short) and not the sentence and conviction itself. This argument is belied by the Habeas Petition itself, however, insofar as Petitioner asserts he wishes to withdraw his guilty plea and plead guilty to a lesser charge, second-degree murder. On its face, the Habeas Petition challenges the validity of Petitioner's conviction and/or sentence, and not simply the means through which it is being carried out. Consequently, this Court is required to determine whether it has jurisdiction to hear Petitioner's claim under § 2241.

A petitioner may challenge the execution of his sentence through a § 2241 petition, however, challenges to the validity of a petitioner's sentence must instead be brought pursuant to 28 U.S.C. § 2255. *See Woodall v. Fed. Bureau of Prisons*, 432 F. 3d 235, 241 (3d Cir. 2005); *Okereke v. United States*, 307 F. 3d 117, 120 (3d Cir. 2002) (explaining a motion filed pursuant to § 2255 is "the presumptive means" for challenging a federal conviction or sentence); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015). The Third Circuit has explained, "a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his or her detention." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011) (quoting *Cradle v. U.S. ex rel. Miner*, 290 F. 3d 536, 538 (3d Cir. 2002)). A § 2255 remedy is only inadequate "where

3

the petitioner demonstrates some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Id.* (internal quotations omitted); *see also Cradle*, 290 F. 3d at 538; *Okereke*, 307 F. 3d at 120-21; *In re Dorsainvil*, 119 F. 3d 245, 251-52 (1997). The § 2255 remedy is not rendered inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F. 3d at 539; *see also Okereke*, 307 F. 3d at 120 (quoting *Dorsainvil*, 119 F. 3d at 251).

In this matter, Petitioner clearly seeks to challenge the validity of his sentence *ab initio* – by arguing that it was illegal as imposed – and not simply the manner in which it is being carried out by the Federal Bureau of Prisons. As such, his claim must be brought pursuant to § 2255, not § 2241. Petitioner has presented no basis for a finding that the remedy of § 2255 is inadequate or ineffective. Indeed, he could not do so as the only thing preventing him from raising his current claim under § 2255 is the gatekeeping requirements of that statute; specifically, the fact that Petitioner is well beyond the one-year statute of limitations and that he has previously filed a § 2255 motion which was denied on the merits. As such, Petitioner is required to bring his present claim under § 2255, not § 2241. *Cradle*, 290 F. 3d at 539; *see also Okereke*, 307 F. 3d at 120; *Dorsainvil*, 119 F. 3d at 251.

Here, the Habeas Petition must be treated as if it were a motion to vacate sentence filed pursuant to § 2255. *See Okereke*, 307 F. 3d at 120-21. This Court, however, lacks jurisdiction to hear a motion to vacate sentence filed by Petitioner for two reasons. First, this is not the Court which entered his sentence. *See*, *e.g.*, *Brown v. Martinez*; 441 F. App'x 852, 853 (3d Cir. 2011) (§ 2255 motion must be brought in district that issued sentence). Second, even the sentencing

district court is without jurisdiction to hear Petitioner's claims absent certification by the appropriate Court of Appeals, since Petitioner has previously filed at least one § 2255 motion. *Id.* (a petitioner must meet the requirements of 28 U.S.C. § 2244 by acquiring permission from the appropriate court of appeals before he may file a second or successive § 2255 motion). As such, this Court lacks jurisdiction to decide the Habeas Petition.

Since this Court lacks jurisdiction to hear Petitioner's current claims, the Court must either dismiss the petition without prejudice or, "if it is in the interests of justice, transfer [this] action . . . to any other court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Because the Habeas Petition is essentially a second or successive § 2255 motion, Petitioner should have brought his claims in the Court of Appeals for the Tenth Circuit, whose permission must be obtained to file this matter in the District of Colorado. By Petitioner's own admission, however, the District of Colorado has already dismissed at least one of his § 2255 motions as time barred, and the Tenth Circuit has declined to issue a certificate of appealability in that matter. As the Tenth Circuit has previously found Petitioner to be barred from § 2255 relief because of the one-year statute of limitations, it would not be in the interests of justice to transfer this matter to the Tenth Circuit. This Court will therefore dismiss the Habeas Petition without prejudice for lack of jurisdiction.

### IV. CONCLUSION

For the reasons stated above, the Habeas Petition is **DISMISSED** for lack of jurisdiction. An appropriate order will follow.


Date:  January 4, 2017                             /s/ Brian R. Martinotti
                                                           HON. BRIAN R. MARTINOTTI
                                                           United States District Judge